**David P. Rossmiller (Bar No. 13968)**
Email:  drossmiller@bpmlaw.com
Betts, Patterson & Mines, P.S.
111 SW 5th Avenue, Suite 3650
Portland, OR 97204
Telephone:  (503) 961-6338
Facsimile:    (503) 961-6339

**Robert M. Cavalier (*Pro Hac Vice* pending)**
Email:  rcavalier@lucascavalier.com
**David B. Pizzica (*Pro Hac Vice* pending)**
Email:  dpizzica@lucascavalier.com
Lucas and Cavalier, LLC
1500 Walnut Street, Suite 1500
Philadelphia, PA 19102
Telephone:  (215) 751-9192

*Attorneys for Plaintiff American Hallmark*
*Insurance Company of Texas*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS**, as subrogee of Market Fresh Property LLC, a foreign corporation,<br><br>Plaintiff,<br><br>v. | Case No. 4:20-cv-00054-DN<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**Judge:  David Nuffer** |

Page 1 – COMPLAINT

**ECOLAB INC. d/b/a ECOLAB PEST ELIMINATION**, a foreign corporation; and **ECOLAB USA INC**, a foreign corporation,

Defendants.

For its Complaint against Defendants Ecolab Inc. d/b/a/ Ecolab Pest Elimination, and Ecolab USA Inc., Plaintiff American Hallmark Insurance Company of Texas, as subrogee of Market Fresh Property, LLC (hereafter "Plaintiff" or "Hallmark"), alleges as follows:

## PARTIES

1.      Plaintiff American Hallmark Insurance Company of Texas is a Texas corporation with its principal place of business located in Dallas, Texas.  At all relevant times, Hallmark has been licensed and registered to write certain lines of insurance in the State of Utah.

2.      On or around March 31, 2019, Market Fresh Property, LLC ("Plaintiff's insured" or "Market Fresh"), owned and managed a supermarket known as Ephraim Market Fresh at 475 South Main Street, Ephraim, Utah 84627 ("the Property").

3.      On or about March 31, 2019, Defendant Ecolab Inc. d/b/a Ecolab Pest Elimination, was a corporation organized and existing under the laws of the State of

Delaware, with a principal place of business at 1 Ecolab Place, St. Paul, Minnesota 55102.

4.    Ecolab Inc. d/b/a Ecolab Pest Elimination can be served with process via its registered agent CT Corporation System Inc., located at 1010 Dale Street North, St. Paul, Minnesota 55117.

5.    On or about March 31, 2019, Ecolab Inc. d/b/a Ecolab Pest Elimination regularly and systematically transacted business in the State of Utah.

6.    On or about March 31, 2019, Defendant Ecolab USA Inc., was a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1 Ecolab Place, St. Paul, Minnesota 55102.

7.    Ecolab USA Inc. can be served with process via its registered agent CT Corporation System Inc., located at 1010 Dale Street North, St. Paul, Minnesota 55117.

8.    On or about March 31, 2019, Ecolab USA Inc. regularly and systematically transacted business in the State of Utah.

9.    Defendants will be referred to collectively as "Ecolab."

/ / /

/ / /

Page 3 – COMPLAINT

## JURISDICTION AND VENUE

10.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute.

11.    The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12.    Venue is proper in this court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District and a substantial part of property that is the subject of this action is situated in this District.

## FACTUAL BACKGROUND

13.    Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

14.    On or about March 31, 2019, Plaintiff provided insurance coverage to Plaintiff's insured, under Commercial Property Policy No. 44-CL-000489118-03/000, insuring the Property for any fire loss and resultant real property damage and business personal property damage, as well as loss of business income.

/ / /

/ / /

/ / /

15.     Prior to March 31, 2019, Market Fresh entered into a written contractual agreement with Ecolab Inc. d/b/a Ecolab Pest Elimination ("the agreement" or "the contract") where Ecolab agreed to install and maintain a number of pest elimination devices inside the Ephraim Market Fresh Property.

16.     Specifically, Ecolab agreed to provide Ecolab Stealth Maximaa, model number SFS-1-1, to the Market Fresh location (the "Stealth Maximas.")

17.     Ecolab retained ownership of the Stealth Maximas on the Property.

18.     Ecolab performed regular and routine maintenance of the Stealth Maximas on the Property.

19.     Market Fresh employees, agents, and/or personnel performed no maintenance to the Stealth Maximas on the Property.

20.     Ecolab employee Brett Hunt visited the Property on March 21, 2019 to perform routine maintenance and servicing of the Stealth Maximas.

21.     Included in Mr. Hunt's work was servicing of the Stealth Maxima located inside the deli of the Market Fresh.

22.     On March 31, 2019, a fire was discovered at the Market Fresh Property (the "fire incident").

23.     The fire originated from inside the deli of the Market Fresh.

24.     Specifically, the fire originated from the Ecolab Stealth Maxima located inside the deli.

25.     The fire originated from the Ecolab Stealth Maxima due to a dangerous and defective condition inside the unit.

26.     The fire originated from the Ecolab Stealth Maxima due to a failure to properly maintain unit by the Ecolab employees, agents, and/or personnel.

27.     The fire caused extensive damages to property and business personal property, along with a loss of business income to Market Fresh.

28.     As a result of the fire, Market Fresh made a claim under its policy of insurance with Plaintiff.

29.     Pursuant to the terms of the afore-mentioned policy of insurance, Plaintiff has reimbursed its insured, or paid to others on its insured's behalf, $421,336.08 related to damage caused by the March 31, 2019 fire incident.

30.     In accordance with the common law principles of legal and equitable subrogation, Plaintiff is subrogated to the rights of its insured with respects to any claims against Defendants to the extent of its payments made to its insured and payments made on behalf of its insured.

/ / /

## FIRST CLAIM FOR RELIEF

### (Negligence v. Ecolab Inc. d/b/a Ecolab Pest Elimination)

31.    Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

32.    The damages resulting from the fire incident at the Property were directly and proximately caused by the negligence, carelessness, and/or negligent omissions of Defendant Ecolab Inc., including but not limited to:

a.    Carelessly, negligently, and failing to properly design, test, produce, manufacture, assemble, quality inspect, and market the subject Stealth Fusion and all related hardware so that the subject Stealth Fusion and all related hardware would be capable to handle normal and anticipated operating conditions;

b.    Failing to properly inspect and test the subject Stealth Fusion and related hardware prior its installation in the Market Fresh;

c.    Failing to warn consumers of its subject Stealth Fusion and related hardware potential risk of fire when under normal and anticipated operating conditions;

/ / /

d.      Failing to undertake the activities required to ensure the subject Stealth Fusion was safe and appropriate for use under normal anticipated operating conditions and would not pose an unreasonable risk of harm to the consumer and/or general public;

e.      Failing and/or omitting to do those things necessary to make a safe product and to avoid an unreasonable risk of harm;

f.      Failing to comply with all applicable codes, regulations, policies, guidelines, and industry customs and practices with regards to the subject Stealth Fusion and related hardware design and manufacture;

g.      Failing to properly train/supervise employees, contractors, and workers who performed service and/or maintenance work to the subject Stealth Fusion as described above;

h.      Failing to take all reasonable precautions to prevent damage to the Property relative to the work performed at Market Fresh; and

i.      Otherwise failing to exercise due care under the circumstances.

WHEREFORE, Plaintiff, American Hallmark Insurance Company of Texas, as subrogee of Market Fresh Property LLC, respectfully requests this Honorable Court enter judgment in its favor in an amount of $421,336.08, together with

compensatory damages, interest, costs of suit, attorneys' fees and any other relief allowed by law.

## SECOND CLAIM FOR RELIEF

### (Negligence v. Ecolab USA Inc.)

33.   Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

34.   The damages resulting from the fire incident at the Property were directly and proximately caused by the negligence, carelessness, and/or negligent omissions of Defendant Ecolab Inc., including but not limited to:

    a.   Carelessly, negligently, and failing to properly design, test, produce, manufacture, assemble, quality inspect, and market the subject Stealth Fusion and all related hardware so that the subject Stealth Fusion and all related hardware would be capable to handle normal and anticipated operating conditions;

    b.   Failing to properly inspect and test the subject Stealth Fusion and related hardware prior its installation in the Market Fresh;

/ / /

/ / /

Page 9 – COMPLAINT

c. Failing to warn consumers of its subject Stealth Fusion and related hardware potential risk of fire when under normal and anticipated operating conditions;

d. Failing to undertake the activities required to ensure the subject Stealth Fusion was safe and appropriate for use under normal anticipated operating conditions and would not pose an unreasonable risk of harm to the consumer and/or general public;

e. Failing and/or omitting to do those things necessary to make a safe product and to avoid an unreasonable risk of harm;

f. Failing to comply with all applicable codes, regulations, policies, guidelines, and industry customs and practices with regards to the subject Stealth Fusion and related hardware design and manufacture;

g. Failing to properly train/supervise employees, contractors, and workers who performed service and/or maintenance work to the subject Stealth Fusion as described above;

h. Failing to take all reasonable precautions to prevent damage to the Property relative to the work performed at Market Fresh; and

i. Otherwise failing to exercise due care under the circumstances.

WHEREFORE, Plaintiff, American Hallmark Insurance Company of Texas, as subrogee of Market Fresh Property LLC, respectfully requests this Honorable Court enter judgment in its favor in an amount of $421,336.08, together with compensatory damages, interest, costs of suit, attorneys' fees and any other relief allowed by law.

## THIRD CLAIM FOR RELIEF

**(Breach of Contract v. Ecolab Inc. d/b/a Ecolab Pest Elimination – Breach of Express Warranty of Good and Workmanlike Manner)**

35.    Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

36.    As part of the agreement between Market Fresh and Ecolab, Ecolab expressly agreed to perform its services in a good and workmanlike manner and in accordance with Ecolab's then-current standard written procedures.

37.    Market Fresh relied on the afore-mentioned express warranty.

38.    The damages resulting from the fire incident were directly and proximately caused by a failure of Ecolab, by and through its employees and/or agents, to perform its work in a good and workmanlike manner.

/ / /

39.     As a result of the breach of the express warranty, the fire incident occurred and the subsequent damages to Market Fresh directly and proximately resulted, which were paid for by Plaintiff.

WHEREFORE, Plaintiff, American Hallmark Insurance Company of Texas, as subrogee of Market Fresh Property LLC, respectfully requests this Honorable Court enter judgment in its favor in an amount of $421,336.08, together with compensatory damages, interest, costs of suit, attorneys' fees and any other relief allowed by law.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract v. Ecolab USA Inc. d/b/a Ecolab Pest Elimination –

### Breach of Express Warranty of Good and Workmanlike Manner)

40.     Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

41.     As part of the agreement between Market Fresh and Ecolab USA, Ecolab USA expressly agreed to perform its services in a good and workmanlike manner and in accordance with Ecolab's then-current standard written procedures.

42.     Market Fresh relied on the afore-mentioned express warranty.

/ / /

43.    The damages resulting from the fire incident were directly and proximately caused by a failure of Ecolab USA, by and through its employees and/or agents, to perform its work in a good and workmanlike manner.

44.    As a result of the breach of the express warranty, the fire incident occurred and the subsequent damages to Market Fresh directly and proximately resulted, which were paid for by Plaintiff.

WHEREFORE, Plaintiff, American Hallmark Insurance Company of Texas, as subrogee of Market Fresh Property LLC, respectfully requests this Honorable Court enter judgment in its favor in an amount of $421,336.08, together with compensatory damages, interest, costs of suit, attorneys' fees and any other relief allowed by law.

## FIFTH CLAIM FOR RELIEF

### (Strict Products Liability v. Ecolab Inc. d/b/a Ecolab Pest Elimination)

45.    Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

46.    The subject Ecolab Stealth Maxima was unreasonably dangerous due to a defect or defective condition.

47.    The unit's defect existed at the time it was provided to Market Fresh.

48.     The unit's defect was a cause of the fire incident and subsequent damages.

49.     The damages resulting from the fire incident at the Property were directly and proximately caused by the product failure of Ecolab's Stealth Maxima, including but not limited to:

> a.     Failing to properly design, test, produce, manufacture, assemble, quality inspect, and market the subject Stealth Fusion and all related hardware so that the subject Stealth Fusion and all related hardware would be capable to handle normal and anticipated operating conditions;
>
> b.     Failing to properly inspect and test the subject Stealth Fusion and related hardware prior its installation in the Market Fresh;
>
> c.     Failing to warn consumers of its subject Stealth Fusion and related hardware potential risk of fire when under normal and anticipated operating conditions;

/ / /

/ / /

/ / /

Page 14 – COMPLAINT

d.   Failing to undertake the activities required to ensure the subject Stealth Fusion was safe and appropriate for use under normal anticipated operating conditions and would not pose an unreasonable risk of harm to the consumer and/or general public;

e.   Failing and/or omitting to do those things necessary to make a safe product and to avoid an unreasonable risk of harm;

f.   Failing to comply with all applicable codes, regulations, policies, guidelines, and industry customs and practices with regards to the subject Stealth Fusion and related hardware design and manufacture;

g.   Failing to take all reasonable precautions to prevent damage to the Property relative to the work performed at Market Fresh; and

h.   Otherwise failing to exercise due care under the circumstances.

WHEREFORE, Plaintiff, American Hallmark Insurance Company of Texas, as subrogee of Market Fresh Property LLC, respectfully requests this Honorable Court enter judgment in its favor in an amount of $421,336.08, together with compensatory damages, interest, costs of suit, attorneys' fees and any other relief allowed by law.

/ / /

## SIXTH CLAIM FOR RELIEF

### (Strict Products Liability v. Ecolab USA Inc.)

50.    Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

51.    The subject Ecolab Stealth Maxima was unreasonably dangerous due to a defect or defective condition.

52.    The unit's defect existed at the time it was provided to Market Fresh.

53.    The unit's defect was a cause of the fire incident and subsequent damages.

54.    The damages resulting from the fire incident at the Property were directly and proximately caused by the product failure of Ecolab's Stealth Maxima, including but not limited to:

> a.    Failing to properly design, test, produce, manufacture, assemble, quality inspect, and market the subject Stealth Fusion and all related hardware so that the subject Stealth Fusion and all related hardware would be capable to handle normal and anticipated operating conditions;

/ / /

b.      Failing to properly inspect and test the subject Stealth Fusion and related hardware prior its installation in the Market Fresh;

c.      Failing to warn consumers of its subject Stealth Fusion and related hardware potential risk of fire when under normal and anticipated operating conditions;

d.      Failing to undertake the activities required to ensure the subject Stealth Fusion was safe and appropriate for use under normal anticipated operating conditions and would not pose an unreasonable risk of harm to the consumer and/or general public;

e.      Failing and/or omitting to do those things necessary to make a safe product and to avoid an unreasonable risk of harm;

f.      Failing to comply with all applicable codes, regulations, policies, guidelines, and industry customs and practices with regards to the subject Stealth Fusion and related hardware design and manufacture;

g.      Failing to take all reasonable precautions to prevent damage to the Property relative to the work performed at Market Fresh; and

h.      Otherwise failing to exercise due care under the circumstances.

/ / /

Page 17 – COMPLAINT

WHEREFORE, Plaintiff, American Hallmark Insurance Company of Texas, as subrogee of Market Fresh Property LLC, respectfully requests this Honorable Court enter judgment in its favor in an amount of $421,336.08, together with compensatory damages, interest, costs of suit, attorneys' fees and any other relief allowed by law.

DATED this 5th day of June, 2020.

BETTS, PATTERSON & MINES, P.S.

By  /s/ David P. Rossmiller
    David P. Rossmiller (Bar No. 13968)
    Email:  drossmiller@bpmlaw.com
    Betts, Patterson & Mines, P.S.
    111 SW 5th Avenue, Suite 3650
    Portland, OR 97204
    Telephone: (503) 961-6338
    Facsimile:  (503) 961-6339

    Robert M. Cavalier (*Pro Hac Vice* pending)
    Email:  rcavalier@lucascavalier.com
    David B. Pizzica, (*Pro Hac Vice* pending)
    Email:  dpizzica@lucascavalier.com
    Lucas and Cavalier, LLC
    1500 Walnut Street, Suite 1500
    Philadelphia, PA 19102
    Telephone: (215) 751-9192

    *Attorneys for Plaintiff American Hallmark*
    *Insurance Company of Texas*